## ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT,

#### IN THE

### COUNTY OF HANCOCK, JUNE TERM, 1805, AT CASTINE.

———◆———

.WILLIAM SCOTT and two others, Appellants, *versus* JOHN SCOTT.

If a deed from a father to a son is made for love and affection, and also *in consideration of five shillings* paid, the *presumption* that it was intended as an advancement is repelled. (1)

THIS was an appeal from a decree of the judge of probate for this county, settling the estate of *Nathaniel Scott*, deceased, intestate. The appellants and the appellee were sons and heirs at law of the said *Nathaniel*, and the judge by his decree settled the whole

(1) The Court do not decide, that the mere insertion of the consideration of five shillings was sufficient *to repel the presumption* that the deed was intended for the advancement of the son, but only that that circumstance was not sufficient to open the inquiry, what valuable consideration operated between the father and the son in the conveyance.

It may perhaps be questioned whether in case the deed had mentioned no pecuniary consideration, it would not have been competent to the defendant to have averred and proved that such a consideration did in fact exist. It was resolved in *Bedell's* case, (7 *Co.* 133,) that a consideration which stands with the deed, and is not repugnant to it, may well be averred. When the consideration expressed was £28, parol evidence was admitted to prove that the real consideration was more. (*Rex* vs. *Scammoden*, 3 *T. R.* 474, and *vide* what was said by C. J. *Kenyon*, in *Shove* vs. *Pincle*, 5 *T. R.* 129, sed, *vide con.* 2 *W. P.* 203. *Clarkson* vs. *Hanway*.) When the consideration of a conveyance was £10,000, a demise to be made by the grantee to the grantor, *and the natural love and affection borne by the grantor to the grantee*, the House of Lords, upon a bill charging fraud, directed an issue to ascertain whether natural love and affection really formed any part of the consideration. The jury found that they did not, and the conveyance was set aside. (1 *Bro. Par. Cas.* 70.)

392

real estate of the deceased upon his son, the appellee, he paying to the others their equal shares of the value thereof as appraised And the eldest son was considered by the decree as entitled to an equal share therein with the other heirs. From this decree the appellants appealed, and filed the following reasons of appeal viz. : *First*, Because the deceased in his lifetime executed a deed in fee simple to the said *John Scott*, for the consideration of love and affection, of fifty acres of land in *Deer Isle*, which the appellants say ought to have been considered by the judge of probate as an advancement to the said *John* according to the value thereof; and, *Secondly*, * because the said *John*, [ * **528** ] not being entitled to any part of the estate, ought not to have had the whole assigned to him, but it should have been assigned to the next eldest son.

The deed mentioned in the reasons of appeal bore date the 29th day of May, 1793, and expressed that in consideration of the love and affection the deceased bore to his son *John Scott*, and in further consideration of five shillings paid by the son to the father, he gave, granted and sold the land mentioned ; and contained the covenants that he was lawfully seised in fee of the premises ; that he had full power and lawful authority to dispose of the same as aforesaid, and that he and his heirs would warrant and defend the same to the said *John Scott*, his heirs and assigns forever, against the lawful claims and demands of all persons.

The question in this case was whether, under the act of March 9th, 1784, (*stat.* 1783, *c.* 36,) this deed was to be considered as an advancement, and to be estimated in the apportionment of the estate of the deceased as part of the share of the appellee. By the 7th *sect.* of the act, it is enacted, " that any deed of lands or tenements made for love and affection shall be deemed and taken an advancement to a child within the intent of the act."

At the last term of the Court holden in this county, the cause was continued, that the appellee might prove that a valuable consideration had been paid by him for the land. And now, the Court, after hearing the testimony of divers witnesses, delivered their opinions.

THACHER, J., said he was in favor of affirming the decree.

SEWALL, J. The decree of the judge of probate, appealed from in this case, is supposed to be erroneous because made without any recognition or estimate of a certain lot of land which had been * conveyed by the deceased, *Nathaniel Scott*, [ * **529** ] to his son *John Scott*, the appellee. The appellants claim to have the value of this land considered in the apportionment of *Nathaniel Scott's* estate, as an advancement by him to his son,

because his deed appears to have been made for the consideration of love and affection. And this claim is grounded upon the words of the statute directing the descent of intestate estates, &c.

The deed in question, besides the consideration of natural love and affection, expresses a consideration of money, nominal indeed, but sufficient to suggest and to open the inquiry which has been had, what valuable consideration operated between the father and the son in this conveyance. And the prevailing testimony offered in this inquiry establishes, very satisfactorily to me, that between them there was another distinct consideration, fully understood and intended by the parties, of sufficient value to remove all presumption of an advancement in this case. The decree is therefore, in my opinion, to be affirmed.

SEDGWICK, J., of the same opinion.

*Decree affirmed.* (1)

*Parker* for the appellants.

*Nelson* and *S. Thacher* for the appellee.

The entry of affirmation was as follows—*viz.:* "And now, because it appears to the Court here that the deed made by the said intestate to the said *John Scott*, was not made for love and affection only, but for a valuable consideration, and that it doth appear not to have been intended as an advancement to the said *John* as his part of the estate of the said *Nathaniel Scott*, it is considered by the Court that said decree be affirmed, and that the said *John* recover his costs occasioned him by this appeal. And it is further considered that this case be remitted to the judge of probate."(2)

(1) In a subsequent case, where a father made a deed to his son " in consideration of love and affection, and of a desire to see him comfortably settled in the world," but without any consideration of a pecuniary nature, it was holden that evidence could not be adduced to show that such considerations in fact existed. *Whitman* vs. *Hapgood,* post, vol. x. 437.

[Vide *Bullard* vs. *Ballard,* 5 *Pick.* 527. *Bulkley* vs. *Noble,* 2 *Pick.* 337. *Jones* vs. *Jones,* 2 *Murphy,* 150.—Ed.]